**APPEAL NO. 26-13650-DD**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

---

**EZRA SMITH,**

**Plaintiff / Appellee,**

**vs.**

**MONIQUE TRACEY, *et al.*,**

**Defendants / Appellants.**

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

---

# APPELLANT TRACEY'S RESPONSE TO JURISDICTIONAL QUESTION

---

**Jason Waymire, Esq.**
**Williams & Waymire, LLC**
**4330 South Lee St., NE**
**Building 400, Suite A**
**Buford, Ga 30518-3027**
**Telephone: (678) 541-0790**
**Facsimile: (678) 541-0789**

**jason@wmwlaw.com**

**Appeal 26-13650-DD** **Smith v. Tracey et al.**

## UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

## CERTIFICATE OF INTERESTED PERSONS
## AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Rules of the U.S. Court of Appeals for the Eleventh Circuit, the undersigned counsel for Defendants-Appellants certifies that, to the best of his present information, knowledge and belief, the following is a full and complete list of all trial judges, attorneys, persons, associations of persons, firms, partnerships or corporations that have an interest in the outcome of this case and appeal, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held company that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

1. Association County Commissioners of Georgia-Interlocal Risk Management Agency (ACCG-IRMA), insurer for Appellants;
2. Buckley Christopher & Hensel, P.C., law firm representing Appellants Gomez and Jackson;
3. Buckley, Timothy, attorney for Appellants Gomez and Jackson;
4. Christopher, Kelly, attorney for Appellants Gomez and Jackson;

5. County Reinsurance, LTD, reinsurer for Association County Commissioners of Georgia-Interlocal Risk Management Agency;
6. Filipovits, Jeff of Filipovits & Smith, LLC, Counsel for Appellee
7. Gomez, Raul, Defendant / Appellant;
8. Jackson, Shenequa, Defendant / Appellant;
9. O'Brien, Eric, attorney for Appellants Gomez and Jackson;
10. Sanchez Erica, dismissed Defendant;
11. Sheriff of Rockdale County, Georgia;
12. Slater, James of Slater Legal PLLC, Counsel for Appellee
13. Smith, Ezra, Plaintiff / Appellee
14. Smith, Wingo, of Filipovits & Smith, LLC, Counsel for Appellee
15. Thrash, Honorable Thomas W., United States District Court Judge;
16. Tracey, Monique, Defendant / Appellant;
17. Waymire, Jason C., Attorney for Appellant Tracey;
18. Williams & Waymire, LLC, law firm representing Attorney for Appellant Tracey;
19. Williams, Terry, Attorney for Appellant Tracey.

WILLIAMS & WAYMIRE, LLC

/s/ *Jason Waymire*
JASON WAYMIRE
Georgia Bar Number 742602
Attorney for Appellant Tracey

## RESPONSE TO JURISDICTIONAL QUESTION

The Court issued an inquiry about jurisdiction to hear this interlocutory appeal. Appellant Tracey is a detention officer sued for her actions as an officer, and she moved for summary judgment based on qualified immunity and official immunity in the district court. This appeal concerns the district court's denial of Defendant's motion for summary judgment, and specifically denial of qualified immunity as to a federal claim and official immunity as to a claim under state law. For the reasons detailed below, the Court has jurisdiction.

## DISCUSSION

Generally, the Court has jurisdiction over an interlocutory appeal from the denial of qualified immunity as a collateral order under 28 U.S.C. § 1291. *Wilkerson v. Seymour*, 736 F.3d 974, 977 (11th Cir. 2013) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806 (1985)). Likewise, the Court has jurisdiction over interlocutory orders denying an official's Georgia official immunity defense. *Jones v. Fransen*, 857 F.3d 843, 849 (11th Cir. 2017). As will be revealed in Appellant Tracey's opening brief, this appeal concerns one or more disputed legal issues over which the Court has appellate jurisdiction.

The exception to these rules does not apply to this case. That

exception occurs where the appeal turns solely on sufficiency of evidence, specifically where a material issue of fact is the sole basis for the appeal. See *Johnson v. Jones*, 515 U.S. 304, 313, 115 S. Ct. 2151 (1995) (explaining that a district court's determination that the summary judgment record raised a genuine issue of fact concerning defendants' actions is not an appealable decision); *Hall v. Flournoy*, 975 F.3d 1269, 1276 (11th Cir. 2020) ("[J]urisdictional issues arise when the only question before an appellate court is one of pure fact." (emphasis in original)). The Court's "jurisdiction is not precluded when the appeal implicates both an issue of fact and an issue of law." *Aguirre-Jarquin v. Seminole Cty.*, 158 F.4th 1276, 1291 (11th Cir. 2025) (citing *Koch v. Rugg*, 221 F.3d 1283, 1296 (11th Cir. 2000)).

It makes no difference to jurisdiction where a district court concluded that fact issues remain in the case. The Court has "interlocutory jurisdiction in qualified immunity cases where the denial is based even in part on a disputed issue of law." *Cottrell v. Caldwell*, 85 F.3d 1480, 1485 (11th Cir. 1996) (emphasis supplied; citing *Behrens v. Pelletier*, 516 U.S. 299, 116 S.Ct. 834 (1996)). This is that type of appeal. The Court has jurisdiction.

To the extent that a fact issue allegedly exists, it remains the case that "[t]he Court in *Behrens* specifically rejected the contention that a district court's holding that material issues of fact remain bars interlocutory

appellate review of related issues of law . . . .” *Cottrell*, 85 F.3d at 1485.

Beyond all that, it bears noting that this case falls into the well-established category of cases where objective video evidence leaves no genuine dispute of fact about the actions of the parties. The most notable example is the Supreme Court’s decision in *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007), where this Court and the Supreme Court exercised interlocutory jurisdiction over a qualified immunity appeal where denial was based on testimony of the plaintiff. The rule in such cases is settled beyond dispute.

> When one party’s version of events “is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.” *Scott*, 550 U.S. at 380, 127 S. Ct. at 1776; see also *Penley*, 605 F.3d at 848 (“[T]he requirement to view the facts in the nonmoving party’s favor extends to genuine disputes over material facts and not where all that exists is ‘some metaphysical doubt as to the material facts.’ ” (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2D 538 (1986))).

*Hunter v. Leeds*, 941 F.3d 1265, 1281 (11th Cir. 2019).

The Court’s caselaw features numerous appeals from denial of qualified immunity where some witness told a story that (a) led to denial of immunity but (b) the objective evidence revealed could not be true. *Scott*, 550 U.S. at 380-81 (exercising appellate jurisdiction and reversing denial of qualified immunity where video revealed plaintiff’s story was false); *Hunter*,

941 F.3d at 1281 (exercising interlocutory appellate jurisdiction and reversing denial of qualified immunity to officers, where forensic and other objective evidence revealed that plaintiff's story about officers was false); *Kesinger v. Herrington*, 381 F.3d 1243, 1247 (11th Cir. 2004) (exercising interlocutory appellate jurisdiction and reversing denial of qualified immunity to officer, where forensic and other objective evidence revealed that witness's story "is not substantial evidence and must be disregarded"); see also *Kenning v. Carli*, 648 F. App'x 763, 769 (11th Cir. 2016) (affirming summary judgment and rejecting witness testimony that contradicted forensic evidence about shooting).

* * *

The merit of Defendant Tracey's appeal turns at least "in part on a disputed issue of law," *Cottrell v. Caldwell*, 85 F.3d 1480, 1485 (11th Cir. 1996), and does not turn on a genuine fact dispute. As a consequence, the Court has jurisdiction over the part of this appeal that challenges denial of qualified immunity and official immunity.

## **CONCLUSION**

The Court has appellate jurisdiction because the appeal is from a collateral final order denying qualified immunity and official immunity, and Tracey's appeal does not turn on any disputed fact issue.

WILLIAMS & WAYMIRE, LLC

/s/ *Jason Waymire*
JASON WAYMIRE
Georgia Bar Number 742602
Attorney for Appellants

## CERTIFICATE OF COMPLIANCE

I certify that this response complies with the type-volume limitation set forth in F.R.A.P. 32(a)(7)(B). This filing contains 912 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing **RESPONSE TO JURISDICTIONAL QUESTION** upon parties through counsel who have appeared in this appeal, electronically through the Court's CM/ECF system.

This 13 day of November, 2026.

/s/ Jason Waymire
JASON C. WAYMIRE
Attorney for Appellant Tracey